UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                          |   |                        |
|--------------------------|---|------------------------|
| UNITED STATES OF AMERICA | : | Crim. No. 08-757 (KM)  |
| v.                       | : | **OPINION & ORDER**    |
| THOMAS TELFAIR,          | : |                        |
| Defendant.               | : |                        |

**MCNULTY, U.S.D.J.**

Before the Court are a number of motions by Thomas Telfair, which I interpret as motions under Fed. R. Crim. P. 35 and 18 U.S.C. § 3582, seeking to challenge or modify a twenty-year sentence that he is currently serving. For the reasons expressed herein, the motions are denied.

I.   **BACKGROUND**

On February 19, 2010, defendant Telfair was convicted by a jury of conspiracy and substantive charges of possession with intent to distribute heroin. See 21 U.S.C. §§ 846, 841(a). Based on an offense score of 37 and a criminal history category of VI, his sentencing guideline imprisonment range was 360 months to life.

On November 23, 2011, Hon. Dennis M. Cavanaugh, U.S.D.J. (now retired), granted a downward departure and sentenced Telfair to 240 months (20 years) of imprisonment. Telfair is currently serving that sentence at FCI-Fort Dix. The U.S. Court of Appeals affirmed Telfair's conviction, 507 F. App'x

164 (3d Cir. 2012), and the United States Supreme Court denied certioriari, 134 S. Ct. 167 (2013).

On October 25, 2013, Telfair filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (D.N.J. Civ. No. 13-6585). In a 56-page opinion, the Hon. Susan D. Wigenton denied most of the claims. Following an evidentiary hearing, at which Telfair was represented by counsel, Judge Wigenton filed an additional opinion denying the remaining, *Miranda*-based claim. (D.N.J. Civ. No. 13-6585, DE 58, 59 (Nov. 8, 2018)). The U.S. Court of Appeals for the Third Circuit denied a certificate of appealability. (*Id.* DE 74)

Telfair filed an untimely motion for reconsideration of the denial of his § 2255 motion, as well as a motion under Fed. R. Civ. P. 60(b). On October 23, 2018, Telfair filed a second motion under Fed. R. Civ. P. 60(b), which incorporated a request for leave to file a second § 2255 motion. These were denied. (DE 78, 79)

A series of motions and letter applications, which are the subject of this Opinion, followed:

| 11/13/2018 | view100 | MOTION to Correct Sentence (Fed. R. Crim. P. 35(a) re 95 Judgment, by TOMMIE TELFAIR. (Attachments: # 1 Exhibits A - E, # 2 Env.)(dc, ) (Entered: 11/14/2018) |
|---|---|---|
| 01/03/2019 | view102 | MOTION for Reduction of Sentence under First Step Act Category II or Alternatively to Appoint Counsel if the Court is Prohibited from Adjudicating this Moving Matter Sua Sponte by TOMMIE TELFAIR. (Attachments: # 1 Appendix A - B, # 2 env)(dc, ) Modified on 2/15/2019 (th). (Entered: 01/08/2019) |
| 01/07/2019 | view103 | SECOND MOTION for Reduction of Sentence Under First Step Act Category II, or Alternatively to Appoint Counsel if the Court is Prohibited from Adjudicating this Moving Matter Sua Sponte by TOMMIE TELFAIR. (Attachments: # 1 Appendix, # |

| | | 2 Appendix, # 3 Env.)(dc, ) Modified on 2/15/2019 (th). (Entered: 01/08/2019) |
|---|---|---|
| 02/04/2019 | view104 | MOTION for Reduction of Sentence Under First Step Act Category II by TOMMIE TELFAIR. (msd) Modified on 2/15/2019 (th). (Entered: 02/05/2019) |
| 02/04/2019 | view105 | SECOND MOTION For Reduction of Sentence Under the First Step Act Category II by TOMMIE TELFAIR. (dc, ) Modified on 2/15/2019 (th). (Entered: 02/13/2019) |
| 02/13/2019 | view107 | Letter/Motion from Tommie H. Telfair in support of requests for sentencing reconsiderations, etc. (dc, ) (Entered: 02/19/2019) |
| 02/19/2019 | view108 | MOTION for Reduction of Sentence Under First Step Act Category II by TOMMIE TELFAIR. (Attachments: # 1 Appendix A, # 2 Appendix A1, # 3 Appendix B, # 4 Appendix C, # 5 Cover Letter, # 6 Env.)(dc, ) (Entered: 02/20/2019) |
| 02/25/2019 | view109 | Objection to the Government's Motion To Correct Sentence by TOMMIE TELFAIR (msd) (Entered: 02/25/2019) |
| 04/17/2019 | view111 | Motion/Letter for Reduction of Sentence Under First Step Act 18 U.S.C. 3582 (c)(1)(A) by TOMMIE TELFAIR. (mrd,) (Entered: 05/02/2019) |
| 05/15/2019 | view112 | Letter from TOMMIE H. TELFAIR (mrd, ) (Entered: 05/22/2019) |

In the midst of these filings, on February 13, 2019, the case was reassigned to me. (DE 106) On April 5, 2019, by text order, I required the government to file a consolidated response to Telfair's many motions. (DE 110) Because Telfair continued to file more motions, I granted the government an extension of its time to file a response. (DE 114) The government filed its consolidated response on August 5, 2019. (DE 115) On August 23, 2019, Telfair filed a further reply. (DE 116)[1] The Court declares that motion filings are

---

[1] These many motions are in addition to Mr. Telfair's habeas and civil rights complaints against various government officials in relation to his criminal case. *See*

3

now closed; the Court is now poised to rule, and no further submission will be accepted.

## II. DISCUSSION

Docket no. 100 is explicitly filed as a motion under Fed. R. Civ. P. 35(a) to "correct" Telfair's sentence. Rule 35(a) is a narrow provision, providing that "within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The 14-day deadline is jurisdictional. *United States v. Higgs*, 504 F.3d 456, 458 (3d Cir. 2007). Judge Cavanaugh imposed sentence on November 23, 2011, some seven years before this Rule 35 motion was filed. Because it was filed long after the expiration of the jurisdictional 14-day deadline, this Rule 35 motion cannot be considered.[2]

At various points in the rest of his motions, Telfair seeks a reduction of sentence under 18 U.S.C. § 3582(c)(2) based on the recently-enacted First Step Act ("FSA"), Pub. L. 115-391, 132 Stat. 5194, 5222 (2018). He asks for a recalculation of his sentence to the extent it is reflects possession or distribution of cocaine base; requests compassionate release so he can care for

---

*Telfair v. Tandy*, Civ. No. 08-731; *Telfair v. Holder*, Civ. No. 09-2806; *Telfair v. Holder*, Civ. No. 10-48; *Telfair & Gatling v. Office of the United States Attorney*, Civ. No. 10-2958; *Telfair v. Lynch*, Civ. No. 16-5085; *Telfair v. Lynch*, Civ. No. 16-5372; *Telfair v. Ortiz*, Civ. No. 17-5065; *Telfair v. Post*, Civ. No. 18-3842; *Telfair v. United States of America*, Civ. No. 19-9379.

2   In addition, the motion does not raise the kind of arithmetical or technical mistake that is correctable on a Rule 35 motion. Rather, Telfair seeks an opportunity to reopen the sentencing hearing, contest the amount of drugs involved in the offense, assert a Speedy Trial challenge, and so on.

4

family members; requests good time credits under 18 U.S.C. § 3624(b)(1); and seeks a 60-month reduction of an enhanced sentence. I consider the potentially applicable provisions of the FSA.

FSA Section 404, 132 Stat. at 5222, grants retroactive effect to the 2010 amendments that raised the threshold quantities of crack cocaine that would trigger mandatory minimum sentences under 21 U.S.C § 841(b)(1). Telfair's offense of conviction did not involve crack cocaine.[3] Section 404 has no application.

FSA Section 603(b), 132 Stat. at 5238–39, authorizes an imprisoned defendant to apply for compassionate release based on "extraordinary and compelling reasons." *See* 18 U.S.C. § 3582(c)(1)(A). As a prerequisite, however, the prisoner must fully exhaust all administrative procedures and appeals within the Bureau of Prisons. *Id.* There is no allegation or indication that Telfair has done so.

FSA Section 102(b), 132 Stat. at 5213, amends the manner in which good time credits will be calculated under 18 U.S.C. § 3624(b). It has not yet taken effect, and will not take effect until the Attorney General completes a risk and needs assessment. *Id.* Once such a claim is ripe, moreover, it must be brought as a challenge to the Bureau of Prisons' denial of such credit in a

---

[3] The original criminal complaint also charged possession with intent to distribute crack cocaine, based on a field test. Because actual laboratory testing revealed that the substance was not crack cocaine, the Indictment under which Telfair was convicted did not charge any offense involving cocaine base. Nor was cocaine base any part of the relevant conduct for purpose of calculation of Telfair's sentence under the Sentencing Guidelines.

5

habeas proceeding under 28 U.S.C. § 2241. *See United States v. Greene,* Crim. No. 07-693 DE 74 at 2–3 (D.N.J. March 19, 2019) (citing *O'Donald v. Johns,* 402 F.3d 172, 173 (3d Cir. 2005) (habeas jurisdiction over denial of good time credits)). The court therefore has no basis, or even jurisdiction, to award such relief in this proceeding.

FSA Section 401, 132 Stat. at 5220, applies only to sentences imposed after December 21, 2018. Section 401 governs the effect of a predicate prior conviction of a serious drug or violent felony upon certain enhanced statutory minimum and maximum sentences for drug offenses under Title 21.[4]

First, Telfair's sentence was imposed on November 23, 2011, some seven years before the effective date of FSA Section 401; Section 401 does not apply at all. Second, Section 401 would not affect Telfair's sentence even if it did apply. The government did not file an enhanced penalty information, and the enhanced mandatory minimum sentence provisions of 21 U.S.C. § 841(a)(1) were not applied.

Telfair's Guidelines range of 360 months to life, though the maximum available, did not result from a statutory enhanced minimum or maximum. It was calculated on a pure Guidelines analysis, as follows:

---

[4] For 21 U.S.C. § 841(b)(1) subsections (A) and (B), a serious violent felony is added to a serious drug felony as a qualifying prior offense triggering an enhanced mandatory minimum term. The enhanced statutory minimum under 21 U.S.C. § 841(b)(1)(A) is reduced from 20 to 15 years in the case of a defendant with one qualifying prior conviction of a serious drug or violent felony, and from life to 25 years for a defendant with two such prior convictions.

6

Base offense level of 34 (3–10 kilograms of heroin (U.S.S.G. § 2D1.1(c)(3))

Role in offense +2 points (U.S.S.G. § 3B1.1(c))

Career offender +1 (U.S.S.G. § 4B1.1(b) (based on prior robbery, aggravated assault convictions))

OFFENSE LEVEL TOTAL – 37

Telfair's 7 criminal history points otherwise would have merited a Criminal History category of IV, but the application of the Career Offender Guideline, U.S.S.G. § 4B1.1, boosted it to VI.

An offense level of 37 and criminal history category of VI yielded a Guidelines range of 360 months to life, without the application of any enhanced statutory mandatory minimum or maximum. As it happens, Judge Cavanaugh granted a downward departure from 360 months to 240 months.

In short, Section 401 of the First Step Act has no application here.

**ORDER**

For the reasons discussed above,

IT IS this 4th day of September, 2019

ORDERED that Petitioner's motions, DE 100, 102, 103, 104, 105, 107, 108, 109, 111, and 112, are DENIED.

The clerk shall close the file.

KEVIN MCNULTY
United States District Judge