UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 08-757 (KM) |
| v. | : | **OPINION & ORDER** |
| TOMMIE TELFAIR, | : |  |
| Defendant. | : |  |

**MCNULTY, U.S.D.J.**

I have recently disposed of the most recent batch of motions to vacate or modify sentence filed by Mr. Telfair, a federal prisoner. (DE 117, 134) This supplemental opinion and order dispose of two motions by Mr. Telfair, *pro se,* that remain pending. (DE 118, 119) For the reasons expressed herein, the motions are denied.

### A. "Notice & Demand Motion to Compel Answers to Interrogatories Question Fed.R.Civ.P. 37(a)" (DE 118)

The cited rule, Fed. R. Civ. P. 37(a), provides as follows:

(a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.

   (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

   (2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

   (3) *Specific Motions.*

      (A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

(C) *Related to a Deposition.* When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders.*

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if

the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

The Rule has nothing to do with this criminal case or any issue pending therein. The Rule governs discovery in a civil federal court action. Further, Mr. Telfair has not pointed to any "interrogatories," whether answered or unanswered, in this case. Nor would there be such interrogatories in a case that is criminal, and closed. The motion is therefore denied.

### B. Motion for Contempt (DE 119)

This motion (DE 119) seeks an order holding the United States in contempt for failing to answer interrogatories or respond to the motion to compel. (DE 118) As noted above, there are no interrogatories before the court, and there is no basis to serve interrogatories in this closed criminal case.

I will not hold the government in contempt. First, the motion is entirely invalid. Second, it was filed in a closed criminal case. Third, any oversight is excusable, in that Mr. Telfair has filed a bewildering array of pro se motions and actions, many of them repetitive. Fourth, when ordered to do so, the government filed a response. (DE 135) The motion is therefore denied.

There is some indication that Mr. Telfair may be referring to, not interrogatories in the usual sense, but to the perceived inadequacy or unpersuasiveness of the government's response to his motions to vacate or modify sentence. Those motions, however, have been denied on the merits. (DE 117, 134)

## ORDER

For the reasons discussed above,

IT IS this 15th day of January, 2021

ORDERED that the defendant's motions, DE 118 and 119, are DENIED.

The file is, and remains, closed.

/s/ Kevin McNulty

_____
KEVIN MCNULTY
United States District Judge