**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                              |   |                          |
|------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA     | : |                          |
|                              | : | Crim. No. 08-757 (KM)    |
|                              | : |                          |
| v.                           | : | **OPINION & ORDER**      |
|                              | : |                          |
| TOMMIE TELFAIR,              | : |                          |
|                              | : |                          |
| Defendant.                   | : |                          |
|                              | : |                          |

**MCNULTY, U.S.D.J.**

The Court recently filed an opinion and order denying serial motions by Tommie Telfair for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (DE 134) Now before the court is a reply brief (DE 138) and a motion for a 45-day extension (DE 137).

**A. Reply Brief on Compassionate Release Motion**

As noted in prior Opinions, Mr. Telfair has filed a large number of motions. Among them were two motions for compassionate release on COVID-related grounds. I have denied the compassionate release motions. (DE 134) I have just received a reply brief from Mr. Telfair. (DE 138) In an abundance of caution, I will consider it.

The reply brief is largely devoted to Mr. Telfair's response to the government's position that he failed to exhaust administrative remedies. In my Order and Opinion, I reviewed the exhaustion standards and then ruled as follows:

> Here, exhaustion of administrative remedies is dubious. On May 25, 2020, Mr. Telfair filed a request that the BOP file a compassionate release motion on his behalf. On May 30, 2020, the request was administratively denied, but not on the merits. The prison authorities informed Telfair that he would have to specify a

1

category on the relevant form as the claimed basis for release, and proffer a detailed release plan. He did not respond or file an administrative appeal.

It appears that Mr. Telfair bears much of the responsibility for the BOP's failure to act on the merits of his application. Nevertheless, in light of his *pro se* status, I will leniently interpret this history as the passage of 30 days without action by the prison authorities.

(DE 134 at 4–5.)

Mr. Telfair's exhaustion argument is therefore moot. I did not bar Mr. Telfair's applications based on non-exhaustion, but went on to rule on the merits.

On the merits, the reply does not add anything of note. Mr. Telfair states that COVID-19 is an extraordinary circumstance and that "bureaucracy" cannot be permitted to stand in the way of his release.

The Court therefore adheres to its prior Opinion and Order.

## B. Request for 45-day Extension

Mr. Telfair has also filed a letter (DE 137) seeking a 45-day extension of time based on the hardship of quarantine within FCI-Fort Dix. The letter does not state what deadline, if any, is sought to be extended. If the reference is to a motion for reconsideration of the denial of compassionate release, such an extension may be sought by means of a motion to file out of time, if and when such a motion is filed.


## ORDER

For the reasons discussed above,

IT IS this 25th day of January, 2021

ORDERED that, the Court having considered the additional reply (DE 138), the defendant's compassionate motions are and remained DENIED pursuant to the Court's Opinion and Order (DE 134); and it is further

ORDERED that the motion for a 45 day extension (DE 137) is DENIED, without prejudice to a motion to file out of time based on COVID-related hardship.

/s/ Kevin McNulty

_____

KEVIN MCNULTY
United States District Judge