UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 08-757 (KM) |
| v. | **OPINION & ORDER** |
| TOMMIE TELFAIR, | |
| Defendant. | |

**MCNULTY, U.S.D.J.**

Before the Court is defendant Mr. Telfair's "Emergency Petition for a Writ of Error *Coram Nobis*." (DE 151) For the reasons expressed herein, the petition is denied.

**I.    BACKGROUND**

On February 19, 2010, Mr. Telfair was convicted by a jury of conspiracy and substantive charges of possession with intent to distribute heroin. *See* 21 U.S.C. §§ 846, 841(a). Based on an offense score of 37 and a criminal history category of VI, his imprisonment range under the "career offender" sentencing guideline was 360 months to life. On November 23, 2011, Hon. Dennis M. Cavanaugh, U.S.D.J. (now retired), granted a downward departure and sentenced Mr. Telfair to 240 months (20 years) of imprisonment, plus a five year term of supervised release. The U.S. Court of Appeals affirmed Telfair's conviction, 507 F. App'x 164 (3d Cir. 2012), and the United States Supreme Court denied certioriari, 134 S. Ct. 167 (2013).

Mr. Telfair has been a prolific filer of both pre-trial and post-trial actions and motions relating to his criminal case. The following listing is very incomplete, but sufficient for present purposes.[1]

---

[1]    The government's brief contains a more comprehensive accounting. (DE 153)

On October 25, 2013, Telfair filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (D.N.J. Civ. No. 13-6585). In a 56-page opinion, the Hon. Susan D. Wigenton denied most of the claims. Following an evidentiary hearing, at which Telfair was represented by counsel, Judge Wigenton filed an additional opinion denying the remaining, *Miranda*-based claim. (D.N.J. Civ. No. 13-6585, DE 58, 59 (Nov. 8, 2018)). The U.S. Court of Appeals for the Third Circuit denied a certificate of appealability. (*Id.* DE 74)

Mr. Telfair then filed a number of serial habeas or § 2255 motions, as well as a number of separate actions, which I do not catalogue individually. Certain of these motions I denied by order and opinion dated September 4, 2019. (DE 117)

Mr. Telfair continued to file letters and motions. (*See, e.g.,* DE 120, 122, 127, 130, 138.) These applications I denied by Opinions and Orders dated January 6, 2021 and January 25, 2021. (DE 134, 139)

A motion for reduction of sentence followed. I denied it by Opinion and Order filed July 28, 2021. (DE 146)

Mr. Telfair has served his sentence of imprisonment, and was released on February 6, 2023.

On April 25, 2023, he filed the *coram nobis* petition (DE 151) that is the subject of this Opinion and Order. I directed the government to respond (DE 152), and it has done so (DE 153).

## II. DISCUSSION

The coram nobis petition seeks to vacate Mr. Telfair's conviction based on two alleged irregularities in the Indictment: (a) his name is given as "Thomas" Telfair, rather than "Tommie" Telfair; (b) the grand jury foreperson's name is redacted from the publicly filed copy of the Indictment.

The Third Circuit has recently reviewed and restated the prerequisites for *coram nobis* relief in the course of affirming my own case of *Ragbir v. United States*:

> [T]he petitioner
>
> (1) is no longer in custody;
>
> (2) suffers continuing consequences from the purportedly invalid conviction;
>
> (3) provides sound reasons for failing to seek relief earlier;
>
> (4) had no available remedy at the time of trial; and
>
> (5) asserted error(s) of a fundamental kind.

950 F.3d 54, 62 (3d Cir. 2020) (line breaks added); *see also Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012). While the writ remains available in extraordinary cases, "'it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate.'" *Id.* at 159 (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996)).

The United States concedes the first two criteria: *i.e.,* that Mr. Telfair (1) is no longer in custody,[2] and (2) nevertheless continues to suffer continuing consequences of his conviction. It argues, however, that the remaining criteria, nos. 3, 4, and 5, are not met. I agree.

### A. Use of the name "Thomas" in the Indictment

Mr. Telfair states that "Tommie," not "Thomas," is his legal name, and that the Indictment, which names him as "Thomas," is therefore invalid.

To begin with, Mr. Telfair does not and cannot proffer sound reasons for his failure to raise this objection at some earlier time. On October 6, 2008, he

---

[2] That is actually far from clear. The government does not state, for example, whether Mr. Telfair is still serving his five-year term of supervised release. *See United States v. Baird*, 312 F. App'x 449, 450 (3d Cir. 2008) (citing cases for the proposition that supervised release is "custody" for purposes of 28 U.S.C. § 2255, and that *coram nobis* therefore was not applicable). In this Opinion, I find that Mr. Telfair has failed to satisfy the stringent conditions for *coram nobis* relief. Nothing about the distinction between *coram nobis* and § 2255 standards, however, would dictate a different result. The grounds asserted, for example, do not fail merely because they are not fundamental or jurisdictional. As established by the cases cited, they would fail even on direct appeal.

3

was charged by criminal complaint as "Tommie Telfair a/k/a 'Hassan Gatling." (DE 1) On October 8, 2008, the grand jury returned an Indictment, charging him under the name "Thomas Telfair, a/k/a Hassan Gatling." (DE 3) [3]

That occurred over 14 years ago. Both through counsel and *pro se,* before, during, and after trial, Mr. Telfair has made innumerable court filings. These raised a myriad of objections, major and picayune. Even when represented by counsel, Mr. Telfair made numerous submissions *pro se.* Not once prior to the current motion, filed in April 2023, did Mr. Telfair raise the objection that his true name was incorrectly rendered in the 2008 Indictment. The third criterion is not met.

Nor can Mr. Telfair demonstrate the fourth criterion, *i.e.,* that a remedy was unavailable. He could have moved to amend the Indictment at any time after it was handed down in October 2008. If his legal name is "Tommie," he was surely aware of that fact at all relevant times. He could and should have raised any such objection to the form of the Indictment before trial.

Most importantly, this claim fails to meet the fifth criterion, i.e., that the error is so "fundamental" as to overcome the strong policy in favor of the finality of judgments.

Non-prejudicial irregularities in an indictment, and particularly mistakes in a defendant's name, are not so fundamental as to require coram nobis relief. Chief Judge Renee Bumb dealt with such a claim as follows:

> Petitioner cannot establish the third through fifth prerequisites described above. Petitioner could have corrected the spelling of his name at any time, but in any event, the error is harmless. The alleged misspelling of his name in the criminal proceeding does not render the conviction invalid. *See United States v. Fawcett*, 115 F.2d 764, 767 (3d Cir. 1940) ("An indictment, then, is an accusation of a person of crime. It is an accusation against a person, and not against a name. A name is not of the substance of

---

[3] The original Indictment, under Crim. No. 07-272, was dismissed without prejudice on Speedy Trial grounds after considerable motion practice, which I do not summarize. Almost simultaneously, the government reindicted the case under the above caption.

4

an indictment.")[;] *[s]ee also Ragbir*, 950 F.3d at 62 ("coram nobis relief is limited and seeks out error of the most fundamental character—the kind that renders the proceeding itself irregular and invalid") (citations omitted). Therefore, the Court denies the misspelling claim in the amended petition for a writ of error coram nobis.

*Garrett v. United States*, Civ. No. 19-12359 (RMB), 2021 WL 1230064, at *2 (D.N.J. Apr. 1, 2021). The U.S. Court of Appeals for the Third Circuit affirmed, in no uncertain terms:

> [Petitioner] does not dispute that he was the person identified in these documents; thus, even assuming that there was an error here, it falls far short of the magnitude needed to warrant coram nobis relief. *See generally Grannis v. Ordean*, 234 U.S. 385, 395 (1914) (stating that due process "does not require ideal accuracy" of spelling, "even in names"); *United States v. Fawcett*, 115 F.2d 764, 767 (3d Cir. 1940) ("An indictment, then, is an accusation of a person of crime. It is an accusation against a person, and not against a name. A name is not of the substance of an indictment."); *see also United States v. Emuegbunam*, 268 F.3d 377, 395 (6th Cir. 2001) ("Emuegbunem's argument that the misspelling of his name vitiates the indictment is likewise unavailing. 'A name need not be correctly spelled in an indictment, if substantially the same sound is preserved.'") (quoting *Faust v. United States*, 163 U.S. 452, 454 (1896)).

No. 21-1717, 2021 WL 4811406 (3d Cir. Oct. 15, 2021).

Mr. Telfair submits no evidence, such as a birth certificate, that his legal name is "Tommie," but I will assume for purposes of argument that it is. I take judicial notice that "Tommie" is a common equivalent for "Thomas"; the use of both forms would not ordinarily imply that two different persons were indicated. Mr. Telfair was arrested and continuously detained. He made a very large number of motions, the majority of them *pro se,* without ever contending that "Tommie" and "Thomas" Telfair are not the same person. Even now, Mr. Telfair does not seem to be contending that he is not the person named in the Indictment. As noted in the cases above, criminal charges are brought against persons, not names, and there can be no doubt that Mr. Telfair is the person

charged. Indeed, the jury's unanimous verdict conclusively establishes that he is the person who committed the charged acts.

In short, the error in Mr. Telfair's forename, if that is what it was, is at best a technical defect that comes nowhere near the threshold of a "fundamental" error that would undermine the validity of the conviction.

### B. Redaction of name of foreperson signing indictment.

Mr. Telfair also argues that the Indictment was invalid because the name of the foreperson who signed it was redacted. (*See* Indictment, DE 1) It is true, of course, that the foreperson must sign each indictment. *See* Fed. R. Crim. P. 6(c). The Indictment here, at least as filed on the docket, has the foreperson's signature redacted. The government acknowledges this, proffering that this District has a long-standing policy of shielding the identity of the grand jury foreperson when filing an indictment. (DE 153 at 5) Nevertheless, this defect does not undermine the validity of the indictment or give rise to a viable claim for *coram nobis* relief. This claim, if valid at all, could have been raised long ago, and in any event is merely a defect in form, not a fundamental error.

A foreperson's complete failure to sign an indictment is not fatal, even on direct appeal. Something more, such as a showing that the indictment was not genuine, would be required:

> While the lack of signature on the indictment does amount to error, the Supreme Court has explained that "the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment." *Hobby v. United States*, 468 U.S. 339, 345, 104 S.Ct. 3093, 82 L.Ed.2d 260 (1984). Indeed, Titchell does not even attempt to meet his burden of demonstrating prejudice from the error, and thus the error cannot be grounds for relief.

*United States v. Titchell*, 261 F.3d 348, 351 (3d Cir. 2001).

Another Third Circuit case finding no prejudice, even on the lower standard that applies on direct appeal, is *United States v. Willaman*:

> [T]he Supreme Court has indicated that the "foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily

6

> fatal to the indictment." *Hobby v. United States*, 468 U.S. 339, 345, 104 S.Ct. 3093, 3096, 82 L.Ed.2d 260 (1984); *see also Frisbie v. United States*, 157 U.S. 160, 163–65, 15 S.Ct. 586, 587–88, 39 L.Ed. 657 (1895) (failure of grand jury foreman to sign indictment is nonfatal irregularity).
>
> In this case we see no reason to believe that the indictment on which Willaman was tried was not *bona fide* or that the absence of the foreperson's signature prejudiced Willaman. Consequently, we regard the failure of the grand jury foreperson to sign the indictment as a mere technical deficiency, and thus conclude that Willaman's challenge to the sufficiency of the indictment does not raise an issue entitling him to relief.

437 F.3d 354, 360–61 (3d Cir. 2006).

      Mr. Telfair raises no more than a bare claim of procedural irregularity. The basis for such a claim, *i.e.,* the absence of a signature from the filed Indictment, would have been obvious in 2008; if valid, the claim could have been raised then. Indeed, such challenges based on errors in the grand jury proceedings must be raised in advance of trial, *see* Fed. R. Crim. P. 12(e) [now recodified as 12(c)(3)]. The jury's verdict of guilt, moreover, suffices to render even a valid claim of grand jury irregularity moot. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986).

      Here, there is not so much as a suggestion of fundamental error. A complete failure to sign the Indictment would not be fatal, absent some indication that the Indictment was not bona fide — even on the lower standard of review that applies on direct appeal — and no such issue is raised here. Indeed, there is not even a claim that the foreperson failed to sign the indictment; Mr. Telfair states only that the foreperson's name was redacted from the electronically docketed version. *A fortiori,* this claim, based on the redaction of the foreperson's signature, would fail on direct appeal, and must fail as a basis for *coram nobis* relief.

7

## ORDER

For the reasons discussed above,

IT IS this 30th day of May, 2023

ORDERED that the defendant's petition for *coram nobis* relief (DE 151), is DENIED.

The clerk shall close the file.

/s/ Kevin McNulty

_____

KEVIN MCNULTY
United States District Judge